UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**14 MISC. 0337**

IN THE MATTER OF THE APPLICATION OF
RUCHAMA AZOULAY FOR AN ORDER TO TAKE
DISCOVERY PURSUANT TO 28 U.S.C. §1782

Case No. _____

JUDGE ROMAN

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Applicant RUCHAMA AZOULAY, submits this memorandum of law in support of her *ex parte* application seeking an order pursuant to 28 U.S.C. § 1782 for the issuance of subpoenas directing Mr. Sal Attina, Wachovia Bank/Wells Fargo, Chase Bank, Citibank, American Express Card and Discover Credit Card, to produce certain financial evidence for use in a divorce proceeding pending in the Family Court of the Rishon Lezion in the Country and State of Israel, Court File No. 46545-08-10.

### STATEMENT OF THE FACTS

The facts herein are more fully set forth in the Application. By this Application, the applicant, Ruchama Azoulay, seeks to obtain discovery of various documents of a financial nature that had been ordered to be produced by the Israeli court that is presiding over her divorce action.

### POINT I

**MS. AZOULAY HAS MET THE REQUIREMENTS OF THE STATUTORY THRESHOLD FOR RELIEF UNDER 28 U.S.C. § 1782**

28 U.S.C. § 1782 authorizes discovery to litigants or other "interested persons" in proceedings before foreign and international

tribunals. That statute provides in pertinent part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

This Court has authority to grant a discovery request pursuant to §1782 where the following statutory requirements are met: (i) discovery sought is for use in a foreign tribunal, (ii) the court is in the district where the party from whom discovery is sought is "found" or located; and (iii) the party seeking discovery is a foreign tribunal or an "interested person" in the foreign proceeding within the meaning of the statute. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Each of the three elements is satisfied here.

**A Discovery Sought is For Use in a Foreign Tribunal**

The discovery sought here is for use in a proceeding in a "Foreign Tribunal" within the meaning of Section 1782. The tribunal at issue in this case, the Family Court, Rishon Lezion, is a trial-level court which is part of the judiciary of the Country and State of Israel.

**B. The party from whom discovery is sought is "found" or located in this District.**

The Israeli Order (Exhibit "A") provides that the address for Mr. Sal Attina is located in Yonkers, New York, which is found within the Southern District of New York. Further, the Court is asked to take judicial notice of the fact that, Wachovia Bank/Wells Fargo, Chase Bank, Citibank, American Express Card and Discover Credit Card are well known financial institutions which do business throughout New York, including the Southern District of New York.

Thus, the second statutory requirement is met.

**C. Ruchama Azoulay is an "interested person" in the foreign proceeding within the meaning of § 1782.**

Ms. Azoulay is the applicant in the Israeli proceeding. A party to a litigation is an interested party for the purpose of § 1782. *In re Application of Esses,* 101 F.3d 873, 875 (2d Cir. 1996), noting the legislative history of Section 1782 at S. Rep. No. 1580, 88th Cong., 2d Sess., at 8 (1964) which provide that that an "interested person" includes one who is "a party to ...foreign or international litigation."

The three threshold requirements of Section 1782 are met.

## POINT II

**AN EX PARTE APPLICATION IS PROPER HERE.**

The assistance requested here is the issuance of subpoenas under the Federal Rules of Civil Procedure. The *ex parte* application procedure is permissible *(see In re Application of*

3

*Esses, supra,* 101 F.3d at 874) because, in the event that the recipients of the subpoenas choose not to comply with the request for documents, they retain rights under the Federal Rules of Civil Procedure to seek to quash and/or modify the subpoena, Fed. R. Civ. Pro. 45(c)(3), or to seek a protective order under Fed. R. Civ. Pro. 26(c).

## CONCLUSION

For all the foregoing reasons, this Court should grant Ruchama Azoulay's application in all respects and grant such other and further relief as to this Court shall seem just.

Dated:   White Plains, New York
         October 3, 2014

Respectfully submitted,

_____
JEROLD ROTBARD (JR0877)
**HAROLD, SALANT, STRASSFIELD & SPIELBERG**
Attorneys for Applicant
81 Main Street, Suite 205
White Plains, New York 10601
(914) 683-2500

4